UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROGER STUBL,

                Plaintiff,                Case No. 1:07-cv-821

v.                                                    Honorable Robert J. Jonker

UNKNOWN WAGNER et al.,

                Defendants.
                                    /

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because his claims against Defendants Wagner, Sanders and Wheller are time-barred and he fails to state a claim against the remaining Defendants.

**Discussion**

I.   Factual allegations

Plaintiff is incarcerated in the Baraga Maximum Correctional Facility (AMF), but the events giving rise to his complaint occurred while he was housed at the Oaks Correctional Facility (ECF) and the Marquette Branch Prison (MBP). He sues ECF Sergeant (unknown) Wagner; ECF Corrections Officers (unknown) Sanders and (unknown) Wheller; ECF Warden Cindi Curtin; ECF Assistant Deputy Warden (unknowm) Panzer; Unknown Doctor at ECF; Governor Granholm; Michigan State Police Officer T. Johnson; and MBP Inspector (unknown) Place.

Plaintiff claims that on August 21, 2000, while he was incarcerated in the segregation unit at ECF, Defendants Wagner, Sanders and Wheller entered Plaintiff's cell while Plaintiff was in restraints and assaulted him. According to Plaintiff, Wagner acted as look out, while Sanders and Wheller knocked Plaintiff down and kicked him in the head. Plaintiff claims that he suffered extensive injuries that required medical treatment. He attempted to launch a full investigation of the incident by filing grievances and contacting the state police and other state officials. Plaintiff alleges that his efforts were thwarted by Defendants' false statements regarding the incident, Plaintiff being transferred to different facilities, and his legal work being lost by the Michigan Department of Corrections. Plaintiff claims that after his arrival at MBP, the Michigan State Police and Defendant Place agreed to give him a polygraph examination to test the veracity of Plaintiff's allegations, but the exam did not occur because Plaintiff was transferred to AMF. Plaintiff seeks damages of $350,000.

II.   Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For

civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1] The alleged assault by Defendants Wagner, Sanders and Wheller occurred on September 21, 2000. Plaintiff had reason to know of the "harms" done to him at the time they occurred, and therefore his claims accrued on September 21, 2000. Plaintiff did not file his complaint until July 17, 2007, almost four years after Michigan's three-year limit expired.

Plaintiff does not allege any grounds for tolling of the statute of limitations. Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Even if Plaintiff is entitled to tolling for the time that he grieved the assault, the policy in effect at the time of the alleged assault required that the grievance process be completed within ninety days. MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ AA (eff. June 5, 1995). Moreover, while Plaintiff claims that his attempts to have the assault investigated by state officials were thwarted, that would not justify a seven-year delay in bringing this action. It is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors*

---

[1] 28 U.S.C. § 658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

*Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000).

Accordingly, Plaintiff's claims against Defendants Wagner, Sanders and Wheller are time-barred. Given the lack of specific factual allegations in the complaint, I am unable to determine whether Plaintiff's claims against the remaining Defendants are time-barred. Assuming for purposes of the report and recommendation that his claims against the remaining Defendants are timely, Plaintiff fails to state a claim against them.

### III.   Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

- 4 -

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not make any factual allegations whatsoever against Warden Curtin, ADW Panzer, Governor Granholm and the Unknown Doctor at ECF. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich 1991).

Moreover, Defendants cannot be held liable under § 1983 by virtue of their supervisory positions. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). The acts of one's subordinates are not enough, nor can supervisory liability

be based upon the mere failure to act. *Id*.; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Furthermore, Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendants Curtin, Panzer, Granholm and the Unknown Doctor engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against them.

Plaintiff alleges that after his arrival at MBP, Defendants Johnson and Place agreed to give him a polygraph examination to test the veracity of Plaintiff's allegations regarding the assault, but the exam did not occur because Plaintiff was transferred to AMF. Plaintiff does not allege, nor can I identify, any federally protected right that was violated by Defendants' failure to conduct a polygraph examination or to otherwise pursue an investigation of Plaintiff's allegations of assault. Plaintiff, therefore, also fails to state a claim against Defendants Johnson and Place.

### IV. Motions

Plaintiff has filed a motion for discovery (docket #3) and a motion for the Court to order a polygraph examination (docket #4). Because I find that Plaintiff's claims are time-barred or fail to state a claim upon which relief may be granted, I recommend that Plaintiff's motions be denied as moot.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because his claims against Defendants Wagner, Sanders and Wheller are time-barred and he fails to state a claim against Defendants Curtin, Panzer, Granholm,

Unknown Doctor, Johnson and Place. I further recommend that Plaintiff's motion for discovery (docket #3) and for a polygraph examination (docket #4) be denied as moot.

Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I also recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated: September 21, 2007                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).