UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROGER STUBL,

      Plaintiff,     Case No. 1:07-CV-821

v.     Hon. Robert J. Jonker

UNKNOWN WAGNER et al.,

      Defendants.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 7) filed on September 21, 2007. Plaintiff filed his Objection to the Report and Recommendation (docket # 8) on October 9, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

Plaintiff's objection to the Report and Recommendation contains twelve "claims," though only one of those claims states a specific objection to the Report and Recommendation. Claims 1–9 and 11–12 fail to make a "specific written objection[] to [a] proposed finding[ or] recommendation[]" of the Report and Recommendation, and consequently none of them raises an issue for this Court to review. FED. R. CIV. P. 72(b)(2). In any event none of them affects the propriety of Magistrate Judge Brenneman's recommendation.[1]

---

[1] Plaintiff's first claim states that he was injured on September 21, 2000, and suffered trauma and memory lapses. Plaintiff's second claim states that because he was discharged on May 1, 2001, he is no longer considered a "prisoner" for the purposes of 42 U.S.C. § 1983. Section 1983 does not use the word "prisoner." Instead, § 1983 provides "citizen[s]" with a cause of action against "person[s]" acting under color of state law. Thus it does not matter that Plaintiff is no longer a prisoner. Plaintiff's third claim states that he was injured while employed out of prison. Plaintiff's fourth claim states that he was injured in a greyhound bus crash. Plaintiff's fifth claim states that he was the victim of an assault and battery sometime between May 1, 2001, and December 4, 2004. Plaintiff's sixth claim states that he returned to prison on December 4, 2004. Plaintiff's seventh claim states that the case has been delayed in part because a case file was not begun or completed. It is not clear how this claim is relevant to the Report and Recommendation, but if Plaintiff is arguing that this delay tolled the statute of limitations, then his argument is unavailing. As explained in the Report and Recommendation, even if Plaintiff's attempts to bring this claim were thwarted to some extent, he does not present any evidence, apart from a bare allegation of delay, that he lacked notice of filing requirements, was diligent in pursing his rights but was frustrated by the actions of others, was

Plaintiff's tenth claim argues that the limitations period was tolled by the doctrine of fraudulent concealment of defendants. This claim states an objection to the Report and Recommendation, but it is without merit. Fraudulent concealment of defendants can toll a statute of limitations, but only if the plaintiff shows that "his ignorance of his cause of action was not the result of his lack of diligence, but was due to affirmative acts or active deception by the [d]efendant to conceal the facts giving rise to the claim." *Vigil v. City and County of Denver*, 162 F. App'x 809, 812 (10th Cir. 2006) (citing *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Hamilton County Bd. of Comm'rs v. National Football League*, 491 F.3d 310, 315 (6th Cir. 2007) ("To toll a limitations period on this basis, a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). Plaintiff has failed to make such a showing. In fact, any attempt to do so would be incredible. He states that he was kicked in the head and hospitalized on September 21, 2000, and he could not possibly be believed if he were to

---

actively misled as to his cause of action, or was in some way prevented from bringing this action. In short, Plaintiff fails to allege circumstances that justify equitable tolling. *See generally Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (enumerating the factors to be considered by a court in determining whether equitable tolling is appropriate in a given case). Plaintiff's eighth claim states that "in reviewing a judgement not withstanding the verdict we view the proofs in the case in light most favorable to the plaintiff." Plaintiff's ninth claim states: "file a motion for reconsideration 'possible' together with a motion to amend complaint to persuade the court that matters should be reconsidered." Plaintiff's eleventh claim states that "jurisdiction over defendants was not accomplished." Plaintiff's twelfth claim states that jurisdiction was "accomplished" by forming an oral agreement with Defendants and that the breach of that oral agreement constitutes a tort.

assert that he was not aware of his injury and claim because of affirmative acts or active deception by Defendants.

Plaintiff's "claims" are, for the most part, random statements that are entirely unrelated to the Report and Recommendation. To the extent that Plaintiff states a genuine objection to Magistrate Judge Brenneman's recommendation, Plaintiff's objection is without merit for the reasons explained above and in the Report and Recommendation itself.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed September 21, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Plaintiff's complaint is DISMISSED with prejudice as time barred, and for failure to state a claim in any event;

2. Plaintiff's pending motions for discovery (docket # 3) and for a polygraph examination (docket # 4) are DISMISSED as moot; and

3. The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated:   February 6, 2008             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE